## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**PERRY POOLER**                                        **CIVIL ACTION**

**VERSUS**                                                      **No. 06-338**

**N. BURL CAIN**                                              **SECTION I**

## ORDER AND REASONS

Before the Court is Perry Pooler's motion[1] for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Mr. Pooler's motion seeks for this Court to vacate its prior judgment denying his petition for post-conviction relief.[2]  Mr. Pooler argues that he is entitled to a review of this Court's prior determination in light of a decision from the Louisiana Supreme Court denying his second post-conviction application.  R. Doc. No. 56, at 8-10.

However, at the same time Mr. Pooler filed his second Louisiana post-conviction application, he also filed a new federal habeas petition[3] that relied on the supposedly newly discovered factual matter that formed the basis of his second Louisiana post-conviction application.[4]  This Court determined that Mr. Pooler's new habeas petition was a successive habeas petition, and transferred the case to the Fifth Circuit,[5] which denied a motion for authorization.[6]

---

[1] R. Doc. No. 56.
[2] R. Doc. No. 45.
[3] *See* No. 12-949 (E.D. La. 2012).
[4] *See* No. 12-949, Dkt. 4 (E.D. La. 2012).
[5] *See* No. 12-949, Dkt. 5 (E.D. La. 2012).
[6] *In re Pooler*, No. 12-30496 (5th Cir. 2012).

The Court concludes that Mr. Pooler's 60(b) motion is, in fact, a second-or-successive petition for the same reasons that it determined his former petition was a second-or-successive petition.  Mr. Pooler cannot evade AEDPA's restrictions on second-or-successive petitions by styling his motion as a request for relief under Rule 60(b).  "In order to prevent conflicts between the strict limitations in AEDPA on second-or-successive habeas petitions and the more lenient restrictions in Rule 60(b) on motions for relief from final judgments, federal courts examine Rule 60(b) motions to determine whether they are, in fact, second-or-successive habeas petitions in disguise." *In re Jasper*, 559 F. App'x 366, 370-71 (5th Cir. 2014).  A Rule 60(b) motion is properly understood to be a second-or-successive petition "if it seeks to add a new ground for relief or if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014).

Just as with his last habeas petition, Mr. Pooler's request for relief fundamentally requests the opportunity to "offer facts that (in the petitioner's view) will prove that his conviction was constitutionally infirm" and therefore "raises a paradigmatic habeas claim."  *In re Jasper*, 559 F. App'x at 371 (internal quotation marks omitted).  Because that claim is second-or-successive, this Court is without jurisdiction to consider Mr. Pooler's motion until the Fifth Circuit grants authorization.

Accordingly,

**IT IS ORDERED** that Mr. Pooler's motion be construed as a motion for authorization for the District Court to consider the claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the Fifth Circuit under the authority of 28 U.S.C. § 1631, so that the Fifth Circuit can determine whether petitioner is authorized to under 28 U.S.C. § 2244(b) to proceed in this Court.

New Orleans, Louisiana, November 28, 2016

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**